OPINION OF THE COURT
Thomas W. Higgins, Jr., J.
In his omnibus motion defendant seeks dismissal of the accusatory instrument charging him with possession of an imitation controlled substance (Public Health Law § 3383 [2]) on the ground of insufficiency. In a supplemental motion defendant requests that the statute be found unconstitutional *842 as being overbroad and vague. The court finds that the accusatory instrument is insufficient; however, Public Health Law § 3383 (2) is constitutional. The court also finds, on its own motion, that the accusatory instrument charging the defendant with petit larceny (Penal Law § 155.25) is insufficient on its face.
FACTS
Mr. Davis was arrested on March 11, 1987 and charged with petit larceny. Upon being arrested, he was searched and then also charged with possession of an imitation controlled substance.
it is alleged that he had sold a substance purported to be marihuana to a police officer; that the substance was not marihuana; that when taken into custody for selling "marihuana” the police found in his possession a white powdery substance "packaged exactly as the controlled substance cocaine is packaged for street sale.”
The petit larceny charge was first lodged against the defendant based on his allegedly accepting $10 from the police officer for the phony marihuana.
LEGAL ARGUMENTS
The defendant urges that Public Health Law § 3383 is unconstitutional as being vague and overbroad, there being uncertainty as to what persons fall within the scope of the act or in regard to the applicable tests used to ascertain guilt. In support of his position he cites McCrary v State (429 So 2d 1121 [1982]), an Alabama Court of Criminal Appeals case, as having found a "similar law” unconstitutional. An opinion from the office of the Attorney General of Tennessee which stated that a "similar law” was vague and overbroad is also mentioned by the defendant.
In response to the constitutional question, the People cite Connally v General Constr. Co. (269 US 385); NAACP v Alabama (377 US 288); Zwickler v Koota (389 US 241) and People v Cruz (48 NY2d 419) in arguing that the New York statute is not vague or overbroad.
The defendant’s argument on the insufficiency of the accusatory instrument relies on CPL 170.30 (1) (a); 170.35 (1) (a); 100.40 and 100.15. He states that there are no facts alleged that show an "intent to sell,” that no facts show that the *843 substance was an "imitation controlled substance,” and that no facts support the allegation that the defendant "represented the substance to be a controlled substance.”
The People’s response on the issue of sufficiency argues that the defendant was arrested "immediately after selling a narcotic to Inv. Lynch,” and that the substance possessed by the defendant was packaged as cocaine for street sale.
THE COURT
The accusatory instrument charging the defendant with possession of an imitation controlled substance reads in part as follows: "It shall be unlawful for any person to manufacture, sell or possess with intent to sell, an imitation controlled substance; to wit: on the above date and time and at the above location, the above defendant, Nathaniel Davis, did possess in his right front pants pocket two white folded pieces of 'pony pak’ paper, each containing a white powdery substance, packaged exactly as the controlled substance cocaine is packaged for street sale, although the substance field tested negative for the presence of cocaine. The defendant had the substances in his possession upon being taken into custody immediately after selling a narcotic to Inv. Lynch at the above street corner location, thereby committing the offense of possession of a [sic] imitation controlled substance, a Class A Misdemeanor.”
In charging the defendant with petit larceny (Penal Law § 155.25), a separate accusatory instrument was filed which reads in part as follows: "A person is guilty of petit larceny when he steals property, to wit: on the above date and time and at the above location, the above defendant, Nathaniel Davis, did steal $10 in lawful US currency from Inv. Lynch by selling to Inv. Lynch a quanity [sic] of a substance that the defendant purported to be marijuana, which in fact it was not, for the price of $10, thereby committing the offense of petit larceny, a Class A Misdemeanor.”
A. SUFFICIENCY
CPL 100.40 (1) (a) says that a local criminal court accusatory instrument is sufficient on its face if it "substantially conforms to the requirements prescribed in section 100.15” and the facts alleged "provide reasonable cause to believe that the defendant committed the offense”, and "[n]on-hearsay allegations * * * establish, if true, every element of the of *844 fense charged and the defendant’s commission thereof.” (CPL 100.40 [1] [b], [c].)
The accusatory instrument charging possession of an imitation controlled substance contains no recitation of the complainant’s experience or background that would explain his basis for knowing "pony pak” paper, how it is folded, and how the package is one for street sale. Since defendant’s "representation” that the packages contained an imitation controlled substance was only shown by the physical aspects of the packages (he made no statements), we must look to Public Health Law § 3383 (1) (c) for the definition of an "imitation controlled substance.”
An essential element of the definition is that the substance must "by a representation [be] represented to be a controlled substance as defined in the penal law”. The paragraph goes on to say in part that "[e]vidence of representations that the substance is a controlled substance may include but is not limited to oral or written representations by the manufacturer or seller, as the case may be, about the substance with regard to * * * (ii) its packaging in a manner normally used for illicit controlled substances”.
There is no allegation here that the defendant made any oral or written representations. Under the definition, the People are not limited to oral or written representations and in this case would rely on an allegation that Davis sold "a narcotic” to a police officer. This is not enough. The People have not met their burden on the issue of intent to sell. Nor is there a showing that there was any testing of the substance to determine if it was a controlled substance other than cocaine.
As to the petit larceny charge, the court rules that the instrument is insufficient on its face because there is no factual allegation that the substance purchased from the defendant was not worth the $10 paid. The only allegation is that it was not what it was purported to be, not that it had no value.
B. CONSTITUTIONALITY OF PUBLIC HEALTH LAW § 3383
McCrary v State (supra), the Alabama case relied upon by the defendant to demonstrate the unconstitutionality of the New York statute in question, is not persuasive. The Alabama statute was similar; however, it was also quite different in at least two essential parts: it had no intent element; and it had an unclear definition of "controlled substance.” Section 3383 *845 does contain the element of intent, and it refers to the Penal Law for the definition (a definition which is quite clear) of "controlled substance”.
The court is even less persuaded by opinion of the Attorney General of Tennessee (Mar. 2, 1982).
The court has read the legislative memoranda supporting passage of the "imitation controlled substances” law and as much of the "bill jacket” as provided by defense counsel and finds that the type of alleged activity before the court is covered by the statute. The court holds that Public Health Law § 3383 is constitutional in not being vague or overbroad.
C. JUDGMENT
The defendant’s motion to dismiss the charge of possession of an imitation controlled substance is denied, while his motion to dismiss for insufficiency is granted.
On its own motion, the court dismisses the charge of petit larceny for insufficiency.